**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30389 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00010-DWM-1 |
| v. | |
| WILLIAM EDWARD MARLIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted July 14, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

William Edward Marlin pled guilty to one count of mail fraud in violation of

18 U.S.C. § 1341 and one count of money laundering in violation of 18 U.S.C.

§ 1956. The district court imposed concurrent 121-month sentences on each count,

three years of supervised release, and $1,211,300 in restitution. On appeal, Marlin

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

challenges the district court's calculation of the total loss amount, its use of the preponderance of the evidence standard in calculating total loss, and the substantive reasonableness of his 121-month sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court applied an 18-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(J), finding that Marlin was responsible for $2,602,550 in total losses as a result of his role in the Children's Family Films enterprise. Marlin contends that the district court's loss calculation was erroneous, both because it was not proven by clear and convincing evidence and because, even under the preponderance of the evidence standard, there was insufficient evidence linking the Children's Family Films and Star Max enterprises. *See United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007) (noting that, where an extremely disproportionate sentence results from the application of an enhancement, facts underlying the loss calculation must be supported by clear and convincing evidence).

These arguments are not persuasive. Although the district court initially applied the preponderance of the evidence standard, Judge Molloy ultimately stated that "there is far more than clear and convincing evidence that the loss amount in this case is $2,626,050." We agree with the district court that, under either standard, the evidence was sufficient to link the Star Max and Children's

-2-

Family Films enterprises after February 2006. Thus, the district court's loss calculation was a reasonable and proper estimate of the total losses. *See* U.S.S.G. § 2B1.1 cmt. n.3(C) (2008) ("The court need only make a reasonable estimate of the loss.").

As to the substantive reasonableness of Marlin's sentence, we conclude that the district court did not abuse its discretion in imposing the concurrent 121-month sentences. *See Gall v. United States*, 552 U.S. 38, 45-46 (2007) (applying an abuse of discretion standard to the substantive reasonableness inquiry). Specifically, Marlin argues that the district court failed to consider adequately the 18 U.S.C. § 3553(a)(1) factors and that the 121-month sentence created an unwarranted sentencing disparity. We conclude that the district court's consideration of the § 3553(a)(1) factors was adequate and that the 121-month sentence, at the low end of the Guidelines, did not constitute an unwarranted sentencing disparity.

**AFFIRMED.**